THE SPRINGFIELD & XENIA RY. CO. *v.* CITY OF SPRING-
FIELD.

(Decided January 10, 1929.)

*Messrs. Martin & Corry,* for plaintiff in error.
*Mr. M. E. Spencer,* city solicitor, for defendant in
error.

KUNKLE, J.   This case was submitted to the court
of common pleas of Clark county upon the plead-
ings, and an agreed statement of facts.   The court
found in favor of defendant in error in the sum of
$2,605.64, with interest thereon from January 26,
1925, making a total of $3,130.26, being the amount
claimed by defendant in error.

In brief, the agreed statement of facts discloses
that the amount for which judgment was rendered
for defendant in error was for paving that portion
of Mulberry street between Wittenberg avenue and
Center street occupied by the tracks of plaintiff in

error; that the said paving improvement was commenced by passage by the city in March, 1924, of a resolution of necessity for the improvement of such portion of Mulberry street; and that due notice of the making of such improvement was served upon plaintiff in error.

The franchise granted to plaintiff in error March 19, 1901, provides what portion of such street paving should be paid by the said railway company. Plaintiff in error admits its liability for one-half of the amount in dispute and claims that it has at different times offered to pay such amount to the city.

The issue involved in this case, therefore, is whether the plaintiff in error is indebted to defendant in error for the whole of the $2,605.64, or is indebted only for the one half of that amount.

Plaintiff in error under its franchise of 1901 installed tracks and overhead equipment upon Mulberry street from Wittenberg avenue to Center street, and in pursuance with a provision in its franchise entered into a contract with the Springfield & Washington Railway Company in June, 1909, whereby it conveyed to said Springfield & Washington Railway Company the right to the joint use of its tracks, as provided in the franchise of the Springfield & Xenia Railway Company.

In August, 1909, this agreement was approved by the city of Springfield by an ordinance, the second section of which provided that the same was upon the condition that the said Springfield & Washington Railway Company, in the use and occupancy of said tracks along the route described in section 1 thereof, should be subject to all the terms and conditions of the ordinance of March 19, 1901, being the

franchise of the Springfield & Xenia Railway Company.

Neither the time limit of the Springfield & Xenia Railway Company franchise nor of the Springfield & Washington Railway Company franchise had expired when the legislation for the improvement of Mulberry street by paving was passed by the city.

Prior to the passage of such legislation, however, the Springfield & Washington Railway Company had discontinued its service, and its property had been sold under an order of the federal court.

On March 22, 1922, an application was filed by the Sringfield & Washington Railway Company with the Public Utilities Commission of Ohio for authority to abandon service between Springfield, Ohio, and South Charleston, Ohio. This application affected the operation by the Springfield & Washington Railway of its service over the portion of Mulberry street in dispute. On December 13, 1922, the Public Utilities Commission of Ohio issued an order which provided, among other things, that the Springfield & Washington Railway Company "be and it is authorized, effective at midnight December 31, 1922, to discontinue service and to permanently abandon its line of interurban railway extending between the city of Springfield, Ohio, to the village of South Charleston, Ohio, and it is further ordered that applicant's schedules be duly canceled."

The agreed statement of facts further discloses that on and after midnight of December 31, 1922, the Springfield & Washington Railway Company ceased to operate its line of electric interurban railway, and to use said portion of Mulberry street between Wittenberg avenue and Center street for the

purposes authorized in the ordinance above referred to; that at the time of the commencement of the work on said street improvement, viz. March 21, 1924, and for some time prior thereto, to wit, since December 31, 1922, the Springfield & Washington Railway Company had not been jointly using any part or portion of said track or tracks of plaintiff in error, and particularly that portion of said track located on Mulberry street between Wittenberg avenue and Center street, and that at the time of making said improvement said defendant, the Springfield & Xenia Railway Company, solely used, and now uses, said portion of Mulberry street for the purpose of operating thereon its line of electric interurban railway.

The agreed statement of facts further discloses that no objection to the amount of the assessment against the Springfield & Xenia Railway Company was filed in writing within the three weeks between the publication of said notice and the passage of the ordinance ordering the improvement.

One of the provisions in the ordinance of the Springfield & Xenia Railway Company is to the effect that the cost of street paving incurred after the fixing of the terms of such joint use and occupancy shall be paid equally by the parties jointly using such portion of said track or tracks.

Upon a careful consideration of the franchise and contracts set forth in the agreed statement of facts, we are of opinion that the cost of paving under such franchise was to be borne equally by the different railway companies, if any, jointly using such track or tracks. The Springfield & Washington Railway was not at such time jointly using such track

or tracks on Mulberry street, and, in fact, for more than a year, had ceased to function as a railway.

In view of the conclusion at which we have arrived, viz. that the burden of street paving is to be borne jointly only when there is a joint use of the street, it is unnecessary to consider the suggestion made by counsel that plaintiff in error had waived its rights by reason of its failure to object within the statutory time to the making of this improvement and the charging of the cost of the paving in question against plaintiff in error.

We have considered all the errors urged by counsel for plaintiff in error, but, finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

*Judgment affirmed.*

FERNEDING and ALLREAD, JJ., concur.